STATE, EX REL. PLEASANT J. BARRON, ET AL., APPELLANTS, V. HENRY W. NEFF ET AL., APPELLEES.

FILED OCTOBER 7, 1910.     No. 16,661.

Municipal Corporations: CITIES OF SECOND CLASS: ELECTION OF COUNCILMEN AT LARGE. Under article I, ch. 14, Comp. St. 1909, the electors of a city of the second class having a population of more than 1,000 and less than 5,000 have no authority to elect councilmen at large, and the canvassing board should not be required by mandamus to canvass the returns of an election to fill such offices.

APPEAL from the district court for Scott's Bluff county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*C. C. McElroy* and *William Morrow,* for appellants.

*Beach Coleman* and *Wright, Duffie & Wright,* contra.

ROSE, J.

This is an application to the district court for a peremptory writ of mandamus commanding respondents as the board of trustees of the village of Scottsbluff to convene and canvass the votes cast at an election held April 5, 1910, for the purpose of electing officers of Scottsbluff as a city of the second class having a population of more than 1,000. Relators refused to plead further after a demurrer to their application had been sustained. A dismissal of the action followed, and they have appealed.

The litigation grew out of an effort on part of relators and others to supersede the present village government by the form of government prescribed in the charter of cities of the second class, to which Scottsbluff now belongs. The pleading filed by relators shows in substance these facts: The village clerk gave public notice that the annual election would be held at the office of the Pathfinder Lumber Company, April 5, 1910, to elect two village trustees and to vote on the proposition to retain village government. No official notice of an election for city officers was given. Some of the electors met at the time and place mentioned; but, finding no election board, proceeded to organize one from their own number. They then adjourned to the Herald building, which is situated across a street from the polling place designated by the village clerk, held an election for city officers in the building to which they adjourned, counted the ballots, made return to the board of village trustees, and demanded a canvass, which was refused. In the meantime the village election was in progress at the office of the Pathfinder Lumber Company,

and resulted in the election of two trustees and in the rejection of the proposition to retain village government.

The question presented is: Did the district court err in denying the writ to compel the board of village trustees to canvass the votes cast for city officers? Councilmen are officers essential to city government under the charter of cities of the second class. The city must be divided into not less than two nor more than six wards. The council must consist of not less than four nor more than twelve citizens. "Each ward in each city," says the charter, "shall have at least two councilmen, who shall be chosen by the qualified electors of their respective wards." Comp. St. 1909, ch. 14, art. I, secs. 2-4. There was no such an office as councilman at large. Relators pleaded that, notwithstanding Scottsbluff was a city of the second class prior to April 5, 1910, respondents refused to divide it into wards and to give notice of the election of city officers April 5, 1910. These allegations, when considered with the entire pleading and the city charter, show that the voters attempted to elect councilmen at large. That there were no such offices is clearly established by the statute cited. Public offices are created by law. No officer can be elected where there is no office to fill. *Norton v. Shelby County,* 118 U. S. 425. There having been no such offices as councilmen at large in cities of the second class, to which Scottsbluff belongs, no duty required the board of village trustees to canvass the returns. This reason alone is sufficient to justify the ruling of the district court in denying the writ, and further inquiry into the irregularity or invalidity of the election in question is unnecessary.

AFFIRMED.